
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON BENCIC, | No. 13-15295 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00627-NVW |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 16, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges, and RESTANI,** Judge.

Appellant Sharon Bencic appeals the denial of her claim for disability insurance

benefits and supplemental security income.  The ALJ concluded that Bencic suffered from

two severe impairments, but could perform "light work," including her previous work as a

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jane A. Restani, Judge for the U.S. Court of International Trade, sitting by designation.

waitress. On appeal, Bencic argues that the ALJ erred in weighing her physicians' medical opinions.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm. The ALJ did not err in giving more weight to the opinions of non-examining and non-treating physicians over the opinion of treating physician Dr. Hurley. The ALJ gave "specific and legitimate" reasons for giving less weight to Dr. Hurley's opinion, including that it was inconsistent with the opinion of three spine specialists, and with Dr. Hurley's own conservative course of treatment. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). These reasons were supported by substantial evidence in the record. *See id.* Despite Bencic's arguments to the contrary, the ALJ could rely on the opinions of examining and non-examining physicians to discount Dr. Hurley's opinion to the extent these opinions were supported by and consistent with the objective medical evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Because substantial evidence supports the ALJ's determination that Bencic was not disabled at step four, we do not reach Bencic's argument that the ALJ erred at step five. *See* 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step.").

**AFFIRMED**.